IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER J. BAILEY,

    Movant,

v.           CIVIL ACTION NO. 2:13-cv-22937
             (Criminal No. 2:95-cr-00002-1)

UNITED STATES OF AMERICA

    Respondent.

**MEMORANDUM OPINION AND ORDER**

  Before the Court is Petitioner Christopher J. Bailey's pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("the § 2255 motion"). (ECF No. 210.)  By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ("PF&R").  Following Magistrate Judge VanDervort's retirement, the case was transferred to United States Magistrate Judge Omar J. Aboulhosn.  On May 9, 2016, Magistrate Judge Aboulhosn issued a PF&R recommending that the Court dismiss the § 2255 motion as a successive motion filed without the requisite certification from the Fourth Circuit Court of Appeals.  (ECF No. 216.)  Objections to the PF&R were due on May 26, 2016.  On May 23, 2016, Petitioner filed a motion to withdraw the § 2255 motion "due to want of certification."  (ECF No. 217.)   He apparently changed his mind about withdrawal some days later because he submitted untimely objections to the PF&R on May 31, 2016.  (ECF No. 218.)

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the Court must determine de novo any part of a magistrate judge's disposition to which a proper objection has been made. The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Court briefly addresses Petitioner's objections to the PF&R despite their untimeliness. Petitioner's § 2255 motion is premised on the argument that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), that any fact leading to the imposition of a mandatory minimum sentence must be found by a jury beyond a reasonable doubt, applies retroactively to cases on collateral review. Though the Magistrate Judge's finding that the § 2255 motion is an unauthorized successive petition rendered the consideration of *Alleyne*'s retroactivity unnecessary, he nonetheless rightly noted that every court to consider the issue has concluded that *Alleyne* is not retroactive. (ECF No. 216 at 6 n. 2); *see Walker v. United States*, 810 F.3d 568, 574 (8th Cir. 2016) (collecting cases); *United States v. Stewart*, 540 Fed. App'x 171, 172 (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."). While acknowledging the weight of this unfavorable precedent, Petitioner makes the novel claim in his objections that the Supreme Court's recent opinion *Montgomery v. Louisiana*,

136 S. Ct. 718 (2016), gives cause to revisit the question of *Alleyne*'s retroactivity. In *Montgomery*, the Supreme Court held that the rule announced in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which prohibits mandatory life sentences without parole for juvenile offenders, was a new substantive constitutional rule that must be given retroactive effect in state collateral proceedings. *Montgomery*, 136 S. Ct. at 733–34. In light of this recent decision, and in an unabashed attempt to skirt the rule against successive habeas petitions, Petitioner makes the unusual request that the Court treat the § 2255 motion as one filed under 28 U.S.C. § 2241 and transfer the case to the Northern District of West Virginia where he is incarcerated.

No court has addressed whether *Montgomery* calls *Alleyne*'s retroactivity into question; furthermore, *Montgomery* does not so much as mention *Alleyne*. Still, Petitioner faces a persistent, preliminary hurdle: the procedural rules that bar the unauthorized presentation of a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A), 2255(h). Petitioner has no answer to the Magistrate Judge's finding that his § 2255 motion is successive and was filed without authorization from the Fourth Circuit. The Court therefore **ADOPTS** the PF&R's recommendation in that regard.

Neither is it appropriate for the Court to treat the § 2255 motion as a § 2241 motion. A § 2241 motion is used to challenge the execution of a sentence, such as application of good time credit, rather than the legality of the sentence itself. *See Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015) ("As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255." (citing *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997))). Petitioner's *Alleyne* argument is a legal challenge to the validity of his criminal sentence and is not, by nature, the type of issue suitable to resolution under § 2241.

Nonetheless, a federal prisoner may seek a writ of habeas corpus under § 2241 when §

2255 has become "inadequate or ineffective to test the legality of . . . detention." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). This provision, known as § 2255's "savings clause," is not triggered by the mere fact that a petitioner is unable to obtain relief under § 2255. *Id.* Rather, § 2255's savings clause applies only when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34. Here, even if Petitioner satisfied the first and third elements, he stumbles at the second step because the crimes for which Petitioner was convicted all remain criminal offenses. *See* 18 U.S.C. §§ 1201, 2261 (penalizing kidnapping and interstate domestic violence). Thus, Petitioner fails to demonstrate that § 2255 is an inadequate and ineffective remedy.

For these reasons, the Court **ADOPTS** the PF&R, (ECF No. 216), **DENIES AS MOOT** Petitioner's motion to withdraw, (ECF No. 217), **OVERRULES** Petitioner's objections (ECF No. 218), and **ORDERS** that the § 2255 motion (ECF No. 210) be **DISMISSED** as successive. The Court **DIRECTS** the Clerk to remove this action from the Court's docket.

It is further **ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336−38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Under Rule 11(a), Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a

certificate from Fourth Circuit under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       September 22, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE