UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CHRISTOPHER J. BAILEY,

       Movant,

v.                              Civil No. 2:16-cv-06190
                              Criminal No. 2:95-cr-00002

UNITED STATES OF AMERICA,

       Respondent.


MEMORANDUM OPINION AND ORDER


      Pending is the movant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, filed on June 13, 2016, by his counsel, then-Federal Public Defender Christian M. Capece.

      This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On November 21, 2018, the magistrate judge entered his PF&R recommending that the motion be granted, and the movant's judgment be set aside. The United States timely[1] filed

---

[1] In his response, the movant argues that the United States' objections were untimely because "the first day of the calculation period for the fourteen-day deadline in this case was November 22, 2018, and the fourteenth day -- the final day of the period to file objections -- was December 5, 2018."

objections on December 6, 2018.  The movant responded on December 12, 2018, to which the United States replied on the same day.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

## I.    Factual and Procedural Background

On May 23, 1995, a jury convicted the movant of one count of kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and one count of interstate domestic violence, in violation of 18 U.S.C. § 2261(a)(2).  At the time, interstate domestic violence occurred when a person "cause[d] a spouse . . . to cross a State line . . . by force, coercion, duress, or fraud and, in the course or as a result of that conduct, intentionally commit[ted]

Resp. to Obj. at 3.  However, as the United States notes in its reply, December 5, 2018 was a legal holiday, on which the federal courthouses were closed, pursuant to the president's declaration of a National Day of Mourning honoring the late President George Herbert Walker Bush.

a crime of violence and thereby cause[d] bodily injury to the person's spouse[.]"  18 U.S.C. § 2261.

The district court had instructed the jury that "crime of violence" meant "an offense that is a felony and has as one of its essential elements the use, attempted use, or threatened use of physical force against the person or property of another or an offense that by its very nature involves a substantial risk that such physical force may be used in committing the offense[,]" matching the "crime of violence" definition found in 18 U.S.C. § 16 (a) and (b).[2]  Instructions Transcript, ECF # 254 Ex. A at 889.  The court further instructed that "'[c]rime of violence' includes kidnaping and aggravated assault."  Id.

On September 1, 1995, the movant was sentenced to life in prison for the kidnapping count and twenty years in prison for the interstate domestic violence count, to be served concurrently.  When imposing the life sentence on the kidnapping count, the court departed upward from the then-mandatory

---

[2] 18 U.S.C. § 16 states:

The term "crime of violence" means--
(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

guideline range of 121-151 months, departing pursuant to section 5K2.2 of the United States Sentencing Guidelines.  The conviction and sentence were affirmed on appeal.  United States v. Bailey, 112 F.3d 758, 763 (4th Cir. 1997).  The movant previously filed two motions under § 2255, in 1998 and 2013, each of which were denied.  ECF # 180 and # 229.

Following the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015)[3], in which the Court found the residual clause of the definition of "crime of violence" in the Armed Career Criminal Act 18 U.S.C. § 924(e)(2)(B), ("ACCA"), to be unconstitutionally vague, the movant sought and received authorization from the Fourth Circuit to file the instant § 2255 motion.  ECF # 226.  The movant claims that pursuant to Johnson, and the more recent decision of Sessions v. Dimaya, 138 S. Ct. 1204 (2018), his conviction for interstate domestic violence violated due process because the "crime of violence" definition given to the jury was unconstitutionally vague.  The magistrate judge agreed, and recommended in his PF&R that the court find: (1) the new substantive rule in Johnson, as extended in Dimaya, renders the residual clause of 18 U.S.C. § 16(b) void for vagueness in this

---

[3] In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson II constitutes a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

4

context; (2) movant's § 2255 motion is reviewable by this court to determine whether movant's interstate domestic violence conviction may stand based on the force clause of 18 U.S.C. § 16(a); (3) under the categorical approach, federal kidnapping does not constitute a crime of violence to satisfy that element of interstate domestic violence; and (4) movant's conviction for interstate domestic violence cannot stand, entitling him to relief under § 2255.

## II.  Legal Background

As aptly stated by the Sixth Circuit, "[t]his area of federal sentencing law is complicated.  Members of the Supreme Court have described aspects of it as a 'time-consuming legal tangle,' <u>Mathis v. United States</u>, --- U.S. ----, 136 S.Ct. 2243, 2264, 195 L.Ed.2d 604 (2016) (Breyer, J., dissenting), and as a 'mess,' <u>id.</u> at 2269 (Alito, J., dissenting)." <u>United States v. Burris</u>, 912 F.3d 386, 391 (6th Cir. 2019).

This entanglement began when the Supreme Court in <u>Johnson</u> held unconstitutionally vague the residual clause of the ACCA, which included as a crime of violence "any crime punishable by imprisonment for a term exceeding one year that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"  18 U.S.C. § 924(e)(2)(B); <u>Johnson</u>, 135 S. Ct. 2551.  The Supreme Court in

Dimaya then expanded Johnson and found the residual clause of 18 U.S.C. § 16(b) also unconstitutionally vague: "just like ACCA's residual clause, § 16(b) 'produces more unpredictability and arbitrariness than the Due Process Clause tolerates.'" Dimaya, 138 S. Ct. at 1223 (quoting Johnson, 135 S. Ct. at 2558). Specifically, the Court found unpredictability and arbitrariness in the application of "a distinctive form of . . . the categorical approach" to § 16(b). Id. at 1211 (citing Leocal v. Ashcroft, 543 U.S. 1, 7 (2004)). "The question" in that approach, the Court explained, "is not whether 'the particular facts' underlying a conviction posed the substantial risk that § 16(b) demands. Neither is the question whether the statutory elements of a crime require (or entail) the creation of such a risk in each case that the crime covers. The § 16(b) inquiry instead turns on the 'nature of the offense' generally speaking. More precisely, § 16(b) requires a court to ask whether 'the ordinary case' of an offense poses the requisite risk." Id. (citations and footnote omitted). It is this abstract standard that the Court found problematic:

> In Johnson's words, "we do not doubt" the
> constitutionality of applying § 16(b)'s "substantial
> risk [standard] to real-world conduct." The
> difficulty comes, in § 16's residual clause just as in
> ACCA's, from applying such a standard to "a judge-
> imagined abstraction" -- i.e., "an idealized ordinary
> case of the crime." It is then that the standard
> ceases to work in a way consistent with due process.

__Id.__ at 1215-16 (quoting __Johnson__, 135 S. Ct. at 2561) (citations omitted).

        After __Dimaya__, the Fourth Circuit, and other circuits alike, addressed a statute with a definition of "crime of violence" materially identical to § 16 -- 18 U.S.C. § 924(c)(1), which makes it a crime to use a firearm in the commission of a crime of violence -- and found the residual clause of its definition, § 924(c)(3)(B), unconstitutionally vague as well.[4] See __United States v. Simms__, 914 F.3d 229 (4th Cir. 2019); and see __also__, __United States v. Davis__, 903 F.3d 483, 486 (5th Cir. 2018), __cert. granted,__ 139 S. Ct. 782, 202 L. Ed. 2d 511 (2019); __United States v. Salas__, 889 F.3d 681, 684-86 (10th Cir. 2018), petition for cert. filed, No. 18-428 (U.S. Oct. 3, 2018); __United States v. Eshetu__, 898 F.3d 36, 37 (D.C. Cir. 2018) (per curiam), petition for reh'g en banc filed, No. 15-3020 (Aug. 31, 2018). Other circuits, however, addressed the same issue and upheld the constitutionality of § 924(c)(3)(B).  See __United States v.__

---

[4] Essentially identical to § 16(b), 18 U.S.C. § 924(c)(3) states:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

_Barrett_, 903 F.3d 166 (2d Cir. 2018), _United States v. Douglas_, 907 F.3d 1 (1st Cir. 2018), _United States v. Robinson_, 844 F.3d 137, 141 (3d Cir. 2016), and _Ovalles v. United States_, 905 F.3d 1231, 1250 (11th Cir. 2018).

To resolve the deep circuit split, the United States Supreme Court granted certiorari on the Fifth Circuit's ruling, _Davis_, 903 F. 3d 483, and, agreeing with the Fifth Circuit, held that § 924(c)(3)(B) requires the categorical approach and is therefore unconstitutionally vague. _United States v. Davis_, 139 S. Ct. 2319, 2336 (2019). Accordingly, the law is now well-settled, and, as the Fourth Circuit has described it, "Section 924(c)(3)(B) is . . . the last _Johnson_ domino to fall." _Simms_, 914 F.3d at 252.

### III. Discussion

In this case, as mentioned above, the magistrate judge found, _inter alia_, that § 16(b) as used in the interstate domestic violence statute is void for vagueness, that kidnapping is not a crime of violence under § 16(a), and that the movant is entitled to relief under § 2255. The United States objected to each of these findings.

In its first objection, the United States argues that "in the context of the Interstate Domestic Violence statute, the Residual Clause in 18 U.S.C. § 16(b) is not unconstitutionally

vague." Obj. at 4. Specifically, the United States contends
that under Dimaya, a categorical approach is not mandated in all
instances wherein § 16(b) is utilized, and that when a "case
specific" approach is used instead, § 16(b) is constitutional.
In other words, the United States argues that because the Court
in Dimaya applied § 16(b) to the Immigration and Nationality
Act, which concerns past convictions, it is distinguishable from
cases such as this one, where there is an active criminal
proceeding with a jury considering, contemporaneously, whether
an underlying crime is a crime of violence. Obj. at 4-8.

The United States finds support for this distinction
in the decisions of the First, Second, Third, and Eleventh
Circuits, upholding § 924(c)(3)(B) on those grounds. See A.,
supra. The Supreme Court, however, rejected those arguments in
Davis.[5] The Court considered the government's argument for a
case-specific approach, but found that when examining the
statute's text, context, and history, "it becomes clear that the
statute simply cannot support the government's newly minted
case-specific theory." Davis, 139 S. Ct. at 2327. Accordingly,

---

[5] At the time of the PF&R and objections, neither Davis nor
Simms, the Fourth Circuit case reviewing this issue, had been
decided. The United States noted the significance of Simms in
its objections, however, stating: "A decision by the Fourth
Circuit in Simms, even though the case deals with § 924(c)(3)(B)
and not § 16(b), will be persuasive precedent for the issue
here." Obj. at 6.

the fact that § 16(b) applies here to a contemporaneously-charged offense rather than a prior conviction has no bearing on the outcome of this case.  As the magistrate judge found, the substantive rule in <u>Johnson</u>, as expanded by <u>Dimaya</u> and now <u>Davis</u>, renders § 16(b) void for vagueness in this context.  The United States' first objection is overruled.

In its second objection, the United States contends that the federal crime of kidnapping, 18 U.S.C. § 1201(a), the conviction underlying the interstate domestic violence conviction, still constitutes a crime of violence under the force clause, 18 U.S.C. § 16(a).  "To determine whether an offense is a crime of violence under [the force] clause, courts use . . . the 'categorical' approach. They look to whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force."  <u>Simms</u>, 914 F.3d at 233.  Courts "consider only the crime as defined, not the particular facts in the case."  <u>Id.</u>

To be convicted under 18 U.S.C. § 1201(a), a person must unlawfully "seize[], confine[], inveigle[], decoy[], kidnap[], abduct[], or carr[y] away[] and hold[]" any person.  Under § 16(a), the offense must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"  18 U.S.C. § 16(a).  The

magistrate judge found that the offense of kidnapping may be committed without such physical force and is thus overbroad to categorically be considered a crime of violence for purposes of the interstate domestic violence statute.  In support of its objection to this finding, the United States merely incorporates the arguments made in its supplemental memorandum.  The magistrate judge thoroughly and adequately considered each of those arguments, however, in reaching its conclusion.  The United States' second objection is overruled.

Third, the United States objects generally to the magistrate judge's recommendation that the court grant the movant's motion.  Aside from what has already been addressed, the United States appears to argue for a case-specific approach to the force clause, stating that "based on the evidence, the jury quite properly could have found that defendant's conduct satisfied the force clause[.]"  Obj. at 9.  As already discussed, this is the incorrect approach and federal kidnapping is not a crime of violence under the categorical approach.

The United States also appears to argue that aggravated assault could be the underlying crime of violence. While the jury was instructed that aggravated assault was indeed a crime of violence, yet not instructed on the elements thereof, the movant was not convicted of aggravated assault and the court

agrees with the magistrate judge that kidnapping is "the operative offense to be considered in determining the 'crime of violence' element[.]" PF&R at 11. The United States' third objection is overruled.

At this juncture, the court has found that the movant is entitled to § 2255 relief on his interstate domestic violence conviction and that his conviction thereof must be vacated.

Remaining is the movant's conviction for kidnapping, for which he was sentenced to life imprisonment. In footnote 4 of the PF&R, the magistrate judge suggested that the court "consider resentencing Defendant on the kidnapping count under the 'sentencing package doctrine.'" PF&R at 11 n. 4. In its final objection, the United States argues that the movant should not be resentenced on the kidnapping count.

As stated by the Fourth Circuit, "[p]ursuant to [the sentencing package] doctrine, when a court of appeals 'vacate[s] a sentence and remand[s] for resentencing, the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing.'" United States v. Ventura, 864 F.3d 301, 309 (4th Cir. 2017). Typically, this doctrine is employed when a district court seeks to increase a sentence on a remaining count after another count was vacated on appeal. See e.g., id., and United States v. Bermudez, 82 F.3d

548, 550 (2d Cir. 1996) ("[A] sentencing judge could, on remand, increase the sentence on a specific count where the original sentence was imposed as part of a package that included a mandatory consecutive sentence which was subsequently found to be invalid." (internal quotation marks omitted)).

The court chooses not to employ this doctrine here. The sentencing package doctrine does not typically apply where, as here, the district court itself is correcting a sentence pursuant to § 2255, rather than being mandated to do so by an appellate court on review. In <u>United States v. Hadden</u>, the Fourth Circuit noted this distinction:

> We do not deny that the sentence-package theory has support in our case law. The sentence-package theory, however, does not help Hadden. Here, we -- the appellate court -- did not conclude that Hadden's original sentence was unlawful, vacate that sentence, and remand to the district court; instead, the district court itself -- by striking the § 924(c) sentence and reentering the remaining sentence -- indicated that it was satisfied with the resulting sentence.

475 F.3d 652, 669 (4th Cir. 2007). The court went on to explain that "[t]he district court has 'broad and flexible power' under § 2255 to determine the nature and scope of the remedial proceedings in the first instance, and nothing in the sentence-package theory forbids the district courts from doing what the text of § 2255 clearly permits: 'correct[ing]' a prisoner's unlawful sentence without conducting a formal 'resentenc[ing].'"

**Id.** (internal citation omitted) (quoting <u>United States v. Hillary</u>, 106 F.3d 1170, 1171 (4th Cir. 1997)).  Indeed, the movant concedes as much: "<u>Hadden</u> simply stands for the proposition that this Court is not required to resentence Bailey on the kidnapping charge. Bailey has never argued otherwise, only that this Court <u>should</u> resentence Bailey after vacating the interstate domestic violence conviction." Resp. to Obj. at 8 (emphasis in original).  The court declines to accept the movant's suggestion.

As the sentencing court stated in its reasons for upward departure: "no offense level short of level 43, calling for life imprisonment, will suffice to punish the Defendant adequately for his conduct and to incapacitate him and thus prevent him from injuring others in similar circumstances and to finally deter others from engaging in similar heinous conduct." Judgment, ECF # 134 at 8.  Specifically, the movant's conduct "resulted in permanent and life-threatening bodily injuries to Mrs. Bailey of a kind and degree not contemplated by the guidelines."  <u>Id.</u>  The victim's injuries were "exacerbated by the Defendant's intentional, brutish conduct in transporting her over several days in the closed trunk of a moving automobile, without adequate medical care, and subjecting her to extreme oxygen deprivation and exhaust fumes[.]"  <u>Id.</u>  "Physically and

mentally she has been reduced almost to a vegetative state[;]" and "which subject her now to a living death."[6]  Id.

 While the court finds it must vacate the movant's conviction for interstate domestic violence because the jury was instructed of a now-unconstitutional definition of "crime of violence[,]" the court sees no reason why such should warrant amendment of the movant's underlying kidnapping conviction and sentence.  Rather, the court finds it an appropriate "correction" of the movant's sentence pursuant to § 2255 to vacate the unconstitutional portion and leave the remainder intact.  The United States' fourth objection is sustained.

### IV.  Conclusion

 The court, accordingly, ORDERS as follows:

1.  That the movant's objections to the PF&R be, and they hereby are, overruled in part and sustained in part;

2.  That the magistrate judge's Proposed Findings and Recommendation be, and hereby are, adopted and incorporated as set forth herein;

---

[6] As noted in the United States' objections, the "living death" suffered by the victim "finally ended in December 2010, when she passed away."  Obj. at 15, n. 11.

3. That movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be, and hereby is, granted to the extent set forth below;

4. That the movant's conviction and sentence for interstate domestic violence under 18 U.S.C. § 2261(a)(2) be, and hereby is vacated;

5. That the movant's conviction and sentence for kidnapping under 18 U.S.C. § 1201(a)(1) shall remain in full force and effect as set forth by the trial court's judgment order entered September 11, 1995; and

6. That in all other respects, the judgment order entered September 11, 1995 shall remain in full force and effect.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

Enter:  August 28, 2019

John T. Copenhaver, Jr.
Senior United States District Judge