```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**CHRISTOPHER J. BAILEY,**

       Movant,

v.                                                        Civil No. 2:16-cv-06190
                                                                       Criminal No. 2:95-cr-00002

**UNITED STATES OF AMERICA,**

       Respondent.

<u>MEMORANDUM OPINION AND ORDER</u>

       Pending is movant Christopher J. Bailey's motion to alter or amend the court's judgment order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, filed October 1, 2019. ECF No. 270.

       On May 23, 1995, a jury convicted Bailey of one count of kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and one count of interstate domestic violence, in violation of 18 U.S.C. § 2261(a)(2). He was sentenced to life in prison for the kidnapping count and twenty years in prison for the interstate domestic violence count, to be served concurrently. His conviction and sentence were affirmed on direct appeal. <u>See</u> <u>United States v. Bailey</u>, 112 F.3d 758 (4th Cir. 1997). After filing a series of unsuccessful 28 U.S.C. § 2255 motions to vacate, set aside or correct a sentence, the Fourth Circuit

authorized Bailey to file a second or successive § 2255 motion on August 10, 2016, in light of the Supreme Court's decisions in Johnson v. United States, 576 U.S. 591 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). ECF No. 226.

In a November 21, 2018 Proposed Findings and Recommendations, United States Magistrate Judge Dwane L. Tinsley recommended granting the second or successive motion as to the interstate domestic violence conviction. ECF No. 262. The Magistrate Judge recommended "discharg[ing the] Defendant, resentenc[ing] him, or correct[ing] his sentence as may appear appropriate," and also suggested that a resentencing under the sentencing package doctrine may be considered. Id. at 11, 11 n. 4.

On August 28, 2019, the court granted the motion as to the interstate domestic violence conviction and vacated that conviction and sentence. ECF No. 267; ECF No. 268. The court declined, however, to conduct a full resentencing on the kidnapping conviction, which was not vacated, under the sentencing package doctrine. ECF No. 267.

In reaching this decision, the court reasoned as follows:

> As stated by the Fourth Circuit, "[p]ursuant to [the sentencing package] doctrine, when a court of appeals 'vacate[s] a sentence and remand[s] for resentencing, the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing.'" United States v. Ventura, 864 F.3d 301, 309 (4th Cir. 2017).
>
> Typically, this doctrine is employed when a district court seeks to increase a sentence on a remaining count after another count was vacated on appeal. See e.g., id., and United States v. Bermudez, 82 F.3d 548, 550 (2d Cir. 1996) ("[A] sentencing judge could, on remand, increase the sentence on a specific count where the original sentence was imposed as part of a package that included a mandatory consecutive sentence which was subsequently found to be invalid." (internal quotation marks omitted)).
>
> The court chooses not to employ this doctrine here. The sentencing package doctrine does not typically apply where, as here, the district court itself is correcting a sentence pursuant to § 2255, rather than being mandated to do so by an appellate court on review. In United States v. Hadden, the Fourth Circuit noted this distinction:
>
>> We do not deny that the sentence-package theory has support in our case law. The sentence-package theory, however, does not help Hadden. Here, we — the appellate court — did not conclude that Hadden's original sentence was unlawful, vacate that sentence, and remand to the district court; instead, the district court itself — by striking the § 924(c) sentence and reentering the remaining sentence — indicated that it was satisfied with the resulting sentence.
>
> 475 F.3d 652, 669 (4th Cir. 2007). The court went on to explain that "[t]he district court has 'broad and flexible power' under § 2255 to determine the nature and scope of the remedial proceedings in the first

3

> instance, and nothing in the sentence-package theory forbids the district courts from doing what the text of § 2255 clearly permits: 'correct[ing]' a prisoner's unlawful sentence without conducting a formal 'resentenc[ing].'" Id. (internal citation omitted) (quoting United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997)). Indeed, the movant concedes as much: "Hadden simply stands for the proposition that this Court is not required to resentence Bailey on the kidnapping charge. Bailey has never argued otherwise, only that this Court should resentence Bailey after vacating the interstate domestic violence conviction." Resp. to Obj. at 8 (emphasis in original). The court declines to accept the movant's suggestion.
>
> As the sentencing court stated in its reasons for upward departure: "no offense level short of level 43, calling for life imprisonment, will suffice to punish the Defendant adequately for his conduct and to incapacitate him and thus prevent him from injuring others in similar circumstances and to finally deter others from engaging in similar heinous conduct." Judgment, ECF # 134 at 8. Specifically, the movant's conduct "resulted in permanent and life-threatening bodily injuries to Mrs. Bailey of a kind and degree not contemplated by the guidelines." Id. The victim's injuries were "exacerbated by the Defendant's intentional, brutish conduct in transporting her over several days in the closed trunk of a moving automobile, without adequate medical care, and subjecting her to extreme oxygen deprivation and exhaust fumes[.]" Id. "Physically and mentally she has been reduced almost to a vegetative state[;]" and "which subject her now to a living death." Id.
>
> While the court finds it must vacate the movant's conviction for interstate domestic violence because the jury was instructed of a now-unconstitutional definition of "crime of violence[,]" the court sees no reason why such should warrant amendment of the movant's underlying kidnapping conviction and sentence. Rather, the court finds it an appropriate "correction" of the movant's sentence pursuant to § 2255 to vacate the unconstitutional portion and leave the remainder intact.

ECF No. 267, at 13-15 (alterations in original).

Bailey thereafter submitted his Rule 59(e) motion to alter or amend the judgment, which was filed by the Clerk on October 1, 2019 and which the court considers timely inasmuch as the motion includes a certification that it was placed in the prison's mailbox on September 25, 2019, being the 28th day as specified in Rule 59(e). ECF No. 270. Broadly speaking, Bailey offers two lines of argument in support of the motion: (1) the court committed a clear error of law when it declined to fully resentence him on the kidnapping conviction under the sentencing package doctrine, resulting in a denial of due process; and (2) the court committed a clear error of law by upholding the kidnapping conviction since, he says, the jury was not instructed on the elements of kidnapping. Id.

As the Fourth Circuit has recognized, "there are three grounds for amending an earlier judgment" pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). Rule 59(e) motions allow district courts to correct errors prior to an appeal, but they "may not be used . . . to raise arguments which

could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. (citations omitted).

As for Bailey's first line of argument, the court did not commit a clear error of law when it declined to conduct a full resentencing. The court in Hadden found that the sentencing package doctrine does not require district courts to reformulate an entire sentence package when they vacate convictions pursuant to § 2255. 475 F.3d at 669. Specifically, the Fourth Circuit determined that "[t]he district court has broad and flexible power under § 2255 to determine the nature and scope of the remedial proceedings in the first instance . . . and nothing in the sentence-package theory forbids the district courts from doing what the text of § 2255 clearly permits: correct[ing] a prisoner's unlawful sentence without conducting a formal resentenc[ing]." Id. (second alteration added) (internal citations and quotation marks omitted). The Fourth Circuit has reiterated this point on several occasions since Hadden. See, e.g., United States v. Chaney, 911 F.3d 222, 225-26 (4th Cir. 2018); United States v. Williams, 740 F. App'x 794, 795 (4th Cir. 2018); United States v. Davis, 708 F. App'x 767, 768-69 (4th Cir. 2017); United States v. Groves, 592 F. App'x 145, 147-48 (4th Cir. 2014).

Bailey attempts to distinguish his case from Hadden on the basis that, in order to file his second or successive § 2255 motion, he needed to obtain authorization from the Fourth Circuit. ECF No. 270, at 3-4. He claims that such authorization is akin to vacatur and remand, which would require a full resentencing, rather than a correction of a sentence in the first instance as may typically occur in § 2255 proceedings. Id. But this argument has no merit. Williams and Davis involved Johnson-related second or successive § 2255 motions authorized by the Fourth Circuit, and in each case, the Fourth Circuit found Hadden to apply such that a full resentencing by the relevant district court was not required in lieu of a § 2255 sentence correction. See Williams, 740 F. App'x at 794-96; Davis, 708 F. App'x at 768-69.

Bailey also asserts that he should have been afforded a full resentencing hearing such that the court could take into account his post-conviction rehabilitation as condoned by Pepper v. United States, 562 U.S. 476 (2011). But Pepper held "that when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." 562 U.S. at 481 (emphasis added). It does not require the court to conduct

7

a full resentencing after vacating a count of conviction pursuant to § 2255 for the purposes of taking into account post-conviction rehabilitation. See Groves, 592 F. App'x at 148 ("[B]ecause we conclude the district court did not abuse its discretion in declining to hold a resentencing hearing, the district court did not err in failing to consider post-offense rehabilitation under Pepper.").

Thus, it cannot be said that the court committed a clear error of law by "correcting" Bailey's sentence rather than holding a full resentencing proceeding.

With respect to Bailey's arguments concerning the validity of his kidnapping conviction, the court notes that he did not raise these arguments in his second or successive motion or prior briefs in support thereof. See ECF No. 226-1; ECF No. 254; ECF No. 256; ECF No. 264. Indeed, by arguing that the sentencing package doctrine should afford him a full resentencing on the kidnapping conviction, he has specifically contemplated that the kidnapping conviction would stand. See ECF No. 256, at 13-14; ECF No. 264, at 6-11. As established above, Rule 59(e) is not a mechanism by which parties may make new arguments that could have been raised prior to the judgment. And at any rate, the sentencing court did instruct the jury as to the essential elements of the kidnapping charge. Bailey has

earlier furnished a portion of the jury charge transcript which demonstrates this point. ECF No. 254-1, at 882:23-886:17.

Based on the foregoing, it is ORDERED that movant Christopher J. Bailey's Rule 59(e) motion to alter or amend the judgment (ECF No. 270) be, and it hereby is, DENIED.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

Enter: April 23, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge