```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                  CRIMINAL ACTION NO. 2:95-00002

CHRISTOPHER J. BAILEY


### MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the court is defendant Christopher J. Bailey's Pro Se Motion for a Sentence Reduction Pursuant to amendment 821 [ECF No. 310], filed on February 29, 2024, wherein defendant requests an Order (1) amending his Base Offense Level, for which no reason is given and is deemed by the court to be groundless; (2) applying a "Safety Valve" reduction, for which he is ineligible inasmuch as his offense of conviction is one of kidnapping, and (3) affording a two-point reduction in his Criminal History Category, for which he is likewise ineligible inasmuch as he was not assessed any status points but remains in Criminal History Category III as set forth below.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment

addresses status points (additional criminal history points added for having committed the instant offense while under a criminal justice sentence), decreasing them by one point for individuals with seven or more criminal history points (other than status points) and eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors.  Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

   The defendant, when sentenced herein on September 1, 1995, which sentence was amended on September 15, 1995, and on August 28, 2019, was not assessed any status points (rather, his Criminal History Category of III is based on four criminal history points for prior convictions, none of which are status points), and inasmuch as the defendant's four criminal history points indicates he is not a Zero-Point Offender, Amendment 821 does not apply to this defendant.

   Moreover, the defendant is not eligible for the "Safety Valve" set forth in the *United States Sentencing Guideline* §5C1.2 inasmuch as his offense of conviction is not one for which USSG §5C1.2 applies.

Accordingly, the defendant's motion for a sentence reduction is hereby ORDERED denied.

The Clerk is DIRECTED to send a copy of this Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: July 29, 2024

_____
John T. Copenhaver, Jr.
Senior United States District Judge