```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:95-00002

**CHRISTOPHER J. BAILEY**

### MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion for Recusal filed by defendant on September 12, 2024, in which the defendant seeks recusal of the undersigned judge "from any further participation in this proceeding." [ECF No. 320].

The Motion next alleges:

> Due to rulings by Judge Copenhaver in this matter, it has become clear that he is unable to bring to the Bench an unbiased and impartial frame of mind required of any judicial officer in an official proceeding.

The Motion neither discusses nor cites any authority for recusal. The Motion does discuss and cite case law with respect to the subject matter of Orders of which the defendant complains, entered in this matter on August 28, 2019, and

August 12, 2022, by the undersigned judge, who is the third district judge in sequence who has presided over this case. The defendant neglects to note that both those Orders were affirmed on his appeal to and by the United States Court of Appeals for the Fourth Circuit.

The court observes that, pursuant to 28 U.S.C. § 455(a), a judge of a United States court is directed to disqualify himself in any case in which his impartiality may reasonably be questioned. A judge shall also disqualify himself in any case where he has a personal bias or prejudice concerning a party. Id. at (b)(1).

The defendant cites no basis for the recusal motion other than the two Orders noted above. As held by the United States Supreme Court:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See *United States v. Grinnel Corp.*, 384 U.S., at 583, 86 S.Ct., at 1710 ... Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994)

In this case, the Orders of which defendant complains have been appealed and affirmed and do not display a deep-seated favoritism or antagonism that would make fair judgment impossible.

The Fourth Circuit has acknowledged the high bar for recusal set by Liteky and noted that, "while recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor. If we were to 'encourage strategic moves by a disgruntled party to remove a judge whose rulings the party dislikes,' we would make litigation even more time-consuming and costly than it is and do lasting damage to the independence and impartiality of the judiciary." Belue v. Leventhal, 640 F.3d 567, 574 (4th Cir. 2011) (quoting In re United States, 441 F.3d 44, 67 (1st Cir. 2006)).

Inasmuch as the Motion for Recusal is plainly meritless, it is ORDERED that the Motion be, and it hereby is, denied.

**The Clerk is directed to forward copies of this order to the defendant, all counsel of record, and the United States Probation Department.**

DATED: December 4, 2024

_____
John T. Copenhaver, Jr.
Senior United States District Judge