```
        UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF WEST VIRGINIA
              AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                Criminal Action No. 2:95-00002

**CHRISTOPHER J. BAILEY**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is Christopher J. Bailey's ("defendant") <u>pro se</u> motion for compassionate release (ECF No. 313), filed on May 7, 2024, and defendant's two <u>pro se</u> motions to supplement his request for compassionate release (ECF Nos. 319, 321), filed on September 5, 2024, and November 12, 2024.  On January 8, 2025, and then again on January 10, 2025, the United States ("the government") filed a response to the defendant's motion for sentence reduction and two motions to supplement.  ECF Nos. 325, 327.

I.   <u>BACKGROUND</u>

On May 23, 1995, a jury convicted the defendant of one count of kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and one count of interstate domestic violence, in violation of 18 U.S.C. § 2261(a)(2).  At the time, interstate domestic violence occurred when a person "cause[d] a spouse ... to cross a State

line ... by force, coercion, duress, or fraud and, in the course or as a result of that conduct, intentionally commit[ted] a crime of violence and thereby cause[d] bodily injury to the person's spouse[.]"  18 U.S.C. § 2261.

The district court had instructed the jury that "crime of violence" meant "an offense that is a felony and has as one of its essential elements the use, attempted use, or threatened use of physical force against the person or property of another or an offense that by its very nature involves a substantial risk that such physical force may be used in committing the offense[,]" matching the "crime of violence" definition found in 18 U.S.C. § 16 (a) and (b).¹  Instructions Transcript, ECF #254 Ex. A at 889. The court further instructed that "'[c]rime of violence' includes kidnaping and aggravated assault."  Id.

On September 1, 1995, the defendant was sentenced to life in prison for the kidnapping count and twenty years in prison for the interstate domestic violence count, to be served concurrently.  The conviction and sentence on the interstate

---

¹  18 U.S.C. § 16 states:

The term "crime of violence" means—
   (a)   an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (b)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

domestic violence count was vacated on August 28, 2019. ECF No. 268.

When imposing the life sentence on the kidnapping count, the court departed upward from the guideline range of 121-151 months, departing pursuant to section 5K2.2 of the then-mandatory United States Sentencing Guidelines. The court determined that "no offense level short of level 43, calling for life imprisonment, will suffice to punish the Defendant adequately for his conduct and to incapacitate him and thus prevent him from injuring others in similar circumstances and to finally deter others from engaging in similar heinous conduct." ECF No. 134. The conviction and sentence were affirmed on appeal. United States v. Bailey, 112 F.3d 758, 763 (4th Cir. 1997).

On May 7, 2024, the defendant filed the instant motion for compassionate release, in which he asserts that: (1) his sentence of life imprisonment is an "unusually long sentence" under § 1B1.13(6), and erroneously contends that if sentenced today he would be subject to a statutory maximum of twenty years; (2) West Virginia was the improper venue for his kidnapping charge; (3) he has a serious physical or medical condition; and (4) he requires the appointment of an attorney. ECF No. 313. In the defendant's first supplement motion, filed on September 5, 2024, the defendant argues that if he were "sentenced under current standards, a

sentence of life imprisonment would be unavailable on the aggravated kidnapping conviction because the grand jury did not charge Christopher Bailey with aggravated kidnapping, but simple kidnapping..." ECF No. 319. In the defendant's second supplement motion, filed on November 12, 2024, the defendant emphasizes "the inability of the Federal Bureau of Prisons to provide medical treatment for individuals confronting serious cancer situations." ECF No. 321.

Thereafter, the government filed its responses to defendant's motion for sentence reduction and two supplement motions. ECF Nos. 325, 327. The government thoroughly addressed each contention of the defendant who has failed to file a reply.

## II. LEGAL STANDARD

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence. 18 U.S.C. § 3582(c). Congress enacted the First Step Act in December 2018, which amended section 3582 to enable courts to reduce a term of imprisonment under certain circumstances. First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

As amended, section 3582 provides that after satisfying an administrative exhaustion requirement, a court may reduce a sentence if it finds that extraordinary and compelling reasons

warrant such a reduction, that reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and that release is consistent with the factors listed under 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

"[T]he district court enjoys broad discretion in conducting a § 3582(c)(1)(A) analysis." United States v. Jenkins, 22 F.4th 162, 169 (4th Cir. 2021).  However, "when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Taylor, 820 F. App'x 229, 230 (4th Cir. 2020)(per curiam)(citing 18 U.S.C. § 3582(c)(1)(A)).

The Policy Statement is titled "Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A)." U.S.S.G. § 1B1.13. Amendments to the Policy Statement took effect on November 1, 2023, which made it expressly applicable to defendant-filed motions under § 3582(c)(1)(A).  A court must ensure that any sentence reduction "is consistent with" the Policy Statement's provisions. 18 U.S.C. § 3582(c)(1)(A).

The Policy Statement identifies six circumstances, individually or collectively, that constitute "extraordinary and compelling reasons" warranting a reduction in sentence.  These include: the defendant is suffering from a terminal illness or has

another serious medical condition, § 1B1.13(b)(1); the age of the defendant, § 1B1.13(b)(2); the family circumstances of the defendant, § 1B1.13(b)(3); the defendant was a victim of abuse during imprisonment, § 1B1.13(b)(4); the defendant received an unusually long sentence and has served at least 10 years of the imprisonment, § 1B1.13(b)(6); or for "any other circumstance or combination of circumstances that ... are similar in gravity" to the reasons in (1)-(4). § 1B1.13(b)(5).

### III. ANALYSIS

#### A. Sentencing

The defendant erroneously asserts that he is entitled to relief under U.S.S.G. § 1B1.13(b)(6) because "if sentenced today, [his] sentence on the kidnapping count of the indictment could not exceed twenty-years[.]" ECF No. 319 at 1. The defendant purportedly relies on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), in maintaining that the grand jury did not charge him with aggravated kidnapping, but simple kidnapping, and thereby the court's imposition of life imprisonment was in excess. ECF No. 313 at 5.

Except as provided in § 1B1.13(b)(6), the court is not to consider a change in the law for purposes of determining whether an extraordinary and compelling reason exists under the policy

statement. § 1B1.13(c). An exception exists under § 1B1.13(b)(6) if the defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, but only where the change would produce a gross disparity between the sentence being served and the likely sentence now.

In defendant's case the jury was instructed on the elements of 18 U.S.C. § 1201(a) and returned a verdict of guilty as to count 1. ECF No. 111. 18 U.S.C. § 1201(a) prescribes in relevant part:

> (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when-
>
>> (1) the person is willfully transported in interstate or foreign commerce; . . .
>>
>> shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

The relevant language remains unchanged and plainly applies to the defendant's indictment charging kidnapping in violation of 18 U.S.C. § 1201(a) and he remains subject to the statutory maximum term of imprisonment for life.

The court nevertheless takes note of the defendant's allegation that the court incorrectly relied on the injuries

inflicted on the victim during a domestic dispute "to increase the base offense level on the kidnapping count to 43." ECF No. 319 at 3. The defendant then curiously maintains that because the sentencing guidelines were mandatory at the time of his conviction the court was obligated to impose a sentence of life imprisonment. Id.

The court rejects the defendant's assertion that the court increased defendant's offense level to 43 based on some supposed then-mandatory enhancement because of those injuries. The pre-sentence report ("PSR") prepared by probation calculated the defendant's offense level to be 30. ECF No. 225 at 13. At sentencing, the court pursuant to its authority under U.S.S.G. § 5K2.2 and § 5K2.8, determined that defendant's conduct warranted an upward departure from the sentencing guidelines. ECF No. 151 at 63-64. During the sentencing hearing the court explained that the "horrendous criminal activity [of the defendant] was the proximate cause" of the victim's injuries and concluded that all "these circumstances mandate an upward departure in this case." Id. at 63.

In doing so, the court emphasized the callous nature of the defendant's conduct and its disastrous impact on the life of the victim: the defendant's conduct "resulted in permanent and life-threatening bodily injuries to Mrs. Bailey of a kind and

8

degree not contemplated by the guidelines." ECF No. 134 at 8. The victim's injuries were "exacerbated by the Defendant's intentional, brutish conduct in transporting her over several days in the closed trunk of a moving automobile, without adequate medical care, and subjecting her to extreme oxygen deprivation and exhaust fumes[.]" Id. "Physically and mentally she has been reduced almost to a vegetative state[;]" and "which subject her now to a living death."[2] Id.

Accordingly, the defendant's challenge to his sentence is without merit and the court finds he is not entitled to compassionate release on this basis.

B. Medical Circumstances

The defendant maintains that on August 26, 2024, the defendant had a biopsy performed on his skin, in which the biopsied portion of the skin was diagnosed with melanoma. ECF 321. He alleges that, assuming the melanoma has metastasized, "it will present a life-threatening event or condition, and will require extensive medical intervention, which the Federal Bureau of Prisons is not capable of providing." Id. at 2.

---

[2] The "living death" suffered by the victim ended in December 2010, when she passed away.

The record reflects that on December 13, 2024, the defendant had a successful excision of his melanoma performed. ECF No. 325-1, Ex. 2. The defendant's pathology report pertaining to his excision procedure, dated December 18, 2024, indicates the skin is negative for residual melanoma. ECF No. 325-1, Ex. 3.

The defendant has provided the court with no evidence to support his contention that he is receiving insufficient or nonexistent medical care. See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021)("[T]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction."); United States v. Davis, 581 F.Supp.3d 759, 763 (E.D. Va. 2022).

### C. Venue

The defendant maintains that West Virginia was the improper venue for the kidnapping charge, alleging that while the domestic assault offense took place in West Virginia, the venue for kidnapping was in Kentucky. ECF No. 313 at 8.

As observed by the government, "[k]idnapping is a continuing crime which begins the moment that the victim is unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away." See United States v. Wills, 346 F.3d 476, 488 (4th Cir. 2003). 18 U.S.C. § 3237 provides that "any

offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

Here, the defendant's venue challenge is plainly meritless. In the span of a few days the defendant drove the victim from West Virginia to Kentucky, back to West Virginia, and to Kentucky again. Consequently, the venue of West Virginia as to the kidnapping charge is proper.

### D. § 3553(a) Factors

Inasmuch as the defendant has failed to establish extraordinary and compelling reasons under § 3582(c)(1)(A)(i), the court need not address whether release would be consistent with the factors set forth in § 3553(a).

### E. Appointment of Counsel

The defendant has requested appointment of counsel. ECF No. 313 at 6. The court notes that the defendant has no constitutional right to counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), and although the court has discretion to appoint counsel to a financially eligible person when appointment would be "in the interests of justice," 18 U.S.C. § 3006(a)(2)(B), the court concludes, in light

of the above discussion, that appointment of counsel is unnecessary and not in the interests of justice.

## IV. Conclusion

In light of the foregoing, the court DENIES the defendant's motion for compassionate release.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: August 26, 2025

John T. Copenhaver, Jr.
Senior United States District Judge